317 S.E.2d 172

**Donald McGLOTHLIN**

v.

**Gretchen O. LEWIS, Comm. WCC Fund, Respondent.**

**No. 16204.**

Supreme Court of Appeals of West Virginia.

June 13, 1984.

Frank X. Duff, Schrader, Stamp, Byrd, Byrum & Companion, Wheeling, for appellant.

Mary Lou Newberger, Charleston, for appellee.

PER CURIAM:

In this original proceeding in mandamus the petitioner, Donald McGlothlin, seeks to compel the Commissioner of the Workers' Compensation Fund to grant him a total permanent life award, or, in the alternative, award him temporary total disability benefits until such time that it is shown that petitioner is able to return to work in some occupation.

The petitioner sustained an injury to his back on October 3, 1980, in the course of his employment as a roofer with Kalkreuth Brothers Incorporated in Wheeling, West Virginia. He filed an application for workers' compensation benefits and the claim was ruled compensable by order dated November 19, 1980; the petitioner subsequently received temporary total disability benefits until January 7, 1983.

By order dated March 2, 1983, on the basis of a report received from Dr. Robert S. Wilson, the Commissioner granted petitioner a 15% permanent partial disability award. The petitioner filed a timely protest to this ruling.

Pursuant to the protest, a hearing was held on September 19, 1983. At that hearing the petitioner introduced evidence that he had undergone a surgical laminectomy for a ruptured disc in February of 1981. He also submitted a report from Dr. Francis Hughes in which Dr. Hughes stated that he was of the opinion that the petitioner could not return to his usual occupation and was, therefore, totally and permanently disabled. The report continued: "This is a ridiculous situation, however, for a young man, and he should be referred, with all possible speed, to Vocational Rehabilitation, so he can be re-trained to enter the work force."

In addition to this and other evidence concerning his orthopedic disability, the petitioner submitted evidence of his psychiatric condition. That evidence indicated that the petitioner has a learning disability and suffers from "chronic depressive syndrome" and "chronic pain syndrome" in its early stages. Dr. Jonathan Himmelhoch, a psychiatrist, submitted a report in which he stated that petitioner's mental condition, which culminated in a 1983 suicide attempt, indicates an "increasingly serious psychopathology caused by his industrial injury of 1980. This injury has spiraled Mr. McGlothlin into a vicious cycle of pain and depression, complicated by learning abnormalities which prevent retraining." Dr. Himmelhoch was of the opinion that the petitioner was 100% disabled.

By order dated December 9, 1983, the Commissioner denied the petitioner's motion for a life award and directed that because petitioner had raised facts not previously considered and which required further development, *i.e.*, the possibility that he could be suffering from the residual psychiatric effects of his compensable injury, he would be: 1) referred to a psychiatrist of the Commissioner's choice; and, 2) referred for vocational testing and evaluation to determine petitioner's marketable employment skills. The Commissioner's order also stated that a supplemental protest hearing would be held if either the petitioner or the employer desired.

Following entry of this order, petitioner's counsel was informed by an employee of the Fund that the December 9, 1983 order was non-protestable and non-appealable and that no determination of permanent partial disability would be made at that time.

In this proceeding the petitioner contends that because the Commissioner takes the position that her December 9, 1983 order is not appealable, he has no other remedy at law and must, therefore, seek mandamus. The petitioner prays that we issue a writ of mandamus ordering the Commissioner to grant him a total permanent life award, or in the alternative, grant him temporary total disability benefits until he is able to return to work in some occupation.

*W.Va.Code* 23–5–1 [1973] allows the Commissioner to order supplemental hear-

ings if she "is of the opinion that the facts have not been adequately developed" at a prior hearing or hearings. Further, *W. Va. Code* 23–4–8 [1975] authorizes the Commissioner "whenever in his [her] opinion it shall be necessary, to order a claimant of cómpensation for a personal injury ... to appear for examination before a medical examiner or examiners selected by the commissioner."

 The record in this case indicates that the first time the claimant presented evidence, or otherwise notified the Commissioner of his possible psychiatric impairment, was at the protest hearing held on September 19, 1983. Thus, there was no opportunity for the Commissioner to obtain additional evidence on the alleged impairment prior to the hearing. Under these circumstances, and pursuant to *W. Va. Code* 23–5–1 [1973] and *W. Va. Code* 23–4–8 [1975], we cannot say that the Commissioner was clearly wrong or exceeded her statutory authority in her December 9, 1983 order when she ordered possible supplemental hearings and referred the claimant to a psychiatrist of her choice for examination and evaluation. In addition, the Commissioner is authorized to refer the claimant for vocational rehabilitation evaluation under *W. Va. Code* 23–4–9 [1979].

The Commissioner argues that under *W. Va. Code* 23–5–1 [1973] she is under no legal duty to enter a final order that the claimant can appeal until the facts have been adequately developed. However, the Commissioner also contends that the claimant is not entitled to temporary disability benefits because he has not filed a petition for reopening of his claim. These two arguments appear to us to be inconsistent. On the one hand, the Commissioner argues that her order is not final and that she is under no duty to enter a final order at this time; on the other hand, she contends that the claimant's case is closed and that he must file an application for reopening and present facts showing an aggravation of his condition in order to obtain temporary total disability benefits.

 We are of the view that until the Commissioner closes the claimant's case by entering a final appealable order, the case is still pending. The record clearly indicates that the claimant is temporarily, if not permanently, totally disabled and that he is entitled to temporary total disability under the provisions of *W. Va. Code* 23–4–6 [1978].

 Consequently, we are of the opinion that the claimant has shown a clear legal entitlement to temporary total disability benefits and that a writ of mandamus is the proper remedy.

It is, therefore, Adjudged and Ordered that a writ of mandamus issue, directing the respondent Commissioner to take steps to award the claimant the temporary total disability benefits to which he is entitled. Additional relief prayed for by the petitioner is not warranted and the rule to show cause directed to that relief is discharged.

It is further ordered that service of an attested copy of this order upon the respondent shall have the same force and effect as service of a formal writ.